UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ZORRI N. RUSH                                                              PLAINTIFF

v.                                                        Civil No. 1:18-cv-00171-GHD-RP

WEBSTER COUNTY DEPARTMENT
OF HUMAN SERVICES, *et al.*                                               DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on the report and recommendations [9] of United States Magistrate Judge Roy Percy and the objections to the report and recommendations [14] filed by Plaintiff Zorri Rush. Having the reasons stated below, the Court finds that the objections should be overruled.

The Magistrate Judge recommends that this matter be dismissed for lack of subject matter jurisdiction and that Rush's motion to proceed *in forma pauperis* is denied. Rush objects to both those recommendations. Additionally, Rush claims that the Magistrate Judge has failed to document certain evidence Rush provided to the Magistrate Judge. Finally, Rush objects to the Magistrate Judge's order denying Rush permission to make filings with the Court through email rather than mail.

### Standard of Review

When reviewing the report and recommendations of a magistrate judge, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636. "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n. 8 (5th Cir.

1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Further, "[a] magistrate judge's non-dispositive order may only be set aside if it 'is clearly erroneous or is contrary to law.' " *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (quoting *id.*). *See* 28 U.S.C. § 636(b)(1)(A) (magistrate judge's nondispositive orders may be reconsidered "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"); L.U. Civ. R. 72(a)(1)(B) ( "No ruling of a magistrate judge in any matter which he or she is empowered to hear and determine will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law").

## Analysis

### I. Subject Matter Jurisdiction

Rush objects to the Magistrate Judge's recommendation that this cause be dismissed for lack of subject matter jurisdiction.

Rush brought this *pro se* action against the Webster County Department of Human Services, Annie Patterson, Ann Hitt, Mississippi Regional Housing Authority IV, Gwendolyn King, and Brian Powers. As the basis for jurisdiction, Rush cited: "5 USC Ch. 15; Political Activity of Certain State and Local officials 42 U.S.C. 12131-12134), as amended by the ADA Amendments Act of 2008 (ADA Amendments Act)(Public Law 110-325, 122 Stat. 3553 (2008))." Compl. at 2 [1]. His "Statement of Claim" asserted that "The local offices use a policy adopted by the state for 'able bodied workers' or 'non-visible disability' in violation of federal law against discrimination based on disability. This policy egregiously reduces the amount of benefits available to applicants. Internal management and policy do not permit access to information necessary to determine the extent of harm caused by misrepresenting reports." *Id.*

The Magistrate Judge entered a Show Cause Order [5] directing Rush to explain why this Court has subject-matter jurisdiction. Rush responded by asserting that this Court had jurisdiction under Federal Rules of Civil Procedure 9(b).

Federal Rules of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." While "a particular statute or rule need not necessarily be cited by name—it is generally agreed that 'the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1206, at 78–79 (1969 & Supp.1983)). Even when a particular law is mentioned, "mere reference to federal law does not give rise to subject matter jurisdiction if the claim has no plausible foundation." *Johnson v. CenterPoint Energy*, No. CIVA 06-2314, 2007 WL 1551054, at *2 (W.D. La. Mar. 19, 2007) (citing *Williamson v. Tucker,* 645 F.2d 404, 415–16 (5th Cir.1981) (en banc)).

Rush does not provide the necessary factual basis to allow the Court to determine its jurisdiction. The Court agrees with the Magistrate Judge that the facts of the complaint are too vague. His "mere references" to federal statutes do not provide the necessary factual detail to establish jurisdiction. Further, his reference Rule 9(b) is irrelevant because the Federal Rules of Civil Procedure are just that—procedural rules, not statutes that confer jurisdiction. Rush's objection is overruled.

II.  *In Forma Pauperis* **Status**

Rush next objects to the Magistrate Judge's recommendation that his motion to proceed *in forma pauperis* be denied.

Rush's motion to proceed *in forma pauperis* was not prepared with the form motion provided by this Court and did not contain any specific information about Rush's finances. In his

3

show cause order, the Magistrate Judge directed Rush to provide additional, specific financial information, and provided Rush with instructions on how to obtain the form motion on the Court's website. Rush's initial response to the show cause order did not provide any additional financial information.

Rush has since filed several supplements and amendments to his motion to proceed *in forma pauperis*. The Court notes that these supplements are still not prepared using the Court's form motion, and do not contained all of the information required by the form. Nonetheless, because this case is dismissed due to lack of subject-matter jurisdiction, whether Rush can proceed without paying filing fees is moot. The objection is overruled.

### III. Submission of Evidence

Rush also contends that the Magistrate Judge failed to provide the Clerk of the Court with evidence of Rush's claims. Rush seems to assert that he emailed several audio/visual exhibits to the Magistrate Judge's chambers, expecting the Magistrate Judge to forward them to the Clerk for filing.

As Rush is not a registered attorney, he must submit all filings conventionally by having them mailed to the Clerk of the Court. Administrative Procedures for Electronic Case Filing at 3. Accordingly, any email sent by Rush to the Magistrate Judge containing audio/visual evidence was not properly filed. The Magistrate Judge was under no obligation to forward it to the clerk.

### IV. Permission to File Electronically

Finally, Rush objects to the Magistrate Judge's denial of his motion for electronic submissions [12]. In his motion, Rush requests that he be allowed to scan documents and email them for filing rather than physically mailing them to the Clerk.

The Court's Administrative Procedures provide that "electronic filing" is done only through the Court's Electronic Case Filing System. Emailing a document to the court does not

4

constitute "electronic filing." *Id.* at 4. As stated earlier, Rush cannot electronically file through the Court's system because the Court does not allow electronic filing by non-attorneys. The procedures do allow Rush to *receive* documents electronically from the Court's system, and Rush has consented to receive documents electronically. *Id.* at 3; Notice [4].

Rush does not show why it is necessary for him to be allowed to file documents by email. Rush has submitted numerous motions and papers to this Court conventionally already, and he does not explain why he cannot continue doing so. There was no error in denying the motion.

## Conclusion

For the reasons set forth, the Court finds that the objections to the Magistrate Judge's report and recommendation are without merit and are overruled. The case is dismissed for lack of subject matter jurisdiction.

A separate order shall issue.

This the 24th day of October, 2018.

_____
SENIOR U.S. DISTRICT JUDGE